1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL C. STERNBERG, et al.,              Case No. 24-cv-04271-AMO

8                Plaintiffs,

9        v.                                     **ORDER RE JUDICIAL DEFENDANTS'
                                                MOTION TO DISMISS**
10   CINDY HENDRICKSON, et al.,                 Re: Dkt. No. 34

11               Defendants.

12

13         The Honorable Patricia Guerrero, Chief Justice of California, the Honorable Mary J.

14   Greenwood, Administrative Presiding Justice of the California Court of Appeal, Sixth Appellate

15   District, the Honorable Julie A. Emede, Presiding Judge of the Superior Court of California,

16   County of Santa Clara, the Honorable Cindy Hendrickson, Judge of the Superior Court of

17   California, County of Santa Clara, the Honorable Brooke Blecher, Judge of the Superior Court of

18   California, County of Santa Clara, the Honorable Roberta S. Hayashi, Judge of the Superior Court

19   of California, County of Santa Clara, the Honorable Thomas E. Kuhnle, Judge of the Superior

20   Court of California, County of Santa Clara, the Honorable Beth A.R. McGowen, Judge of the

21   Superior Court of California, County of Santa Clara (erroneously sued as Beth McGowan), the

22   Honorable Theodore C. Zayner, Judge of the Superior Court of California, County of Santa Clara,

23   the Honorable Charles F. Adams, Judge of the Superior Court of California, County of Santa Clara

24   (erroneously sued as "Charles Adames"), Rebecca J. Fleming, Court Executive Officer, Superior

25   Court of California, County of Santa Clara (together, "Judicial Defendants") move to dismiss the

26   complaint filed by Michael C. Sternberg.  He proceeds, unrepresented, on behalf of himself and

27

28

United States District Court
Northern District of California

1  his two children, E.W. and N.W.,[1] seeking redress for various alleged violations of federal law that

2  occurred during the course of child custody proceedings across California and Nevada.

3          Judicial Defendants seek dismissal on many grounds, including that the Court lacks subject

4  matter jurisdiction on the basis of the Eleventh Amendment.  Because "Eleventh Amendment

5  immunity is a threshold jurisdictional issue, and [courts] have no power to resolve claims brought

6  against state courts or state court judges acting in a judicial capacity[,]" that issue is dispositive

7  and warrants dismissal without leave to amend.  *See Munoz v. Superior Ct. of Los Angeles Cnty.*,

8  91 F.4th 977, 981 (9th Cir. 2024).  As the Ninth Circuit recently explained:

> In [*Whole Woman's Health v. Jackson*, 595 U.S. 30, 39, 141 S.Ct. 2494, 210 L.Ed.2d 1014 (2021)], the Supreme Court reemphasized *Ex parte Young*'s conclusion that " 'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government.' " 595 U.S. at 39, 141 S.Ct. 2494 (quoting *Ex parte Young*, 209 U.S. at 163, 28 S.Ct. 441).  As such, state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment.  To the extent [*Wolfe v. Strankman,* 392 F.3d 358, 364-65 (9th Cir. 2004)] can be read to hold that the *Ex parte Young* exception allows injunctions against judges acting in their judicial capacity, that conclusion is "clearly irreconcilable" with *Jackson* and thus overruled.  *See Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 686 (9th Cir. 2023) (en banc) (citation omitted).  Consistent with *Jackson*, Eleventh Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity.

18  *Id.* at 981.

19          In an attempt to avoid dismissal on Eleventh Amendment grounds, Sternberg asserts:

> I am not seeking injunctive relief against any state judicial officers in their judicial capacities . . . .  I am seeking injunctions against California state judges acting in administrative (i.e. non judicial) capacities, specifically Guerrero and Emede.  I am also targeting the Santa Clara Superior Court CEO Fleming.  I am asking this court to order them to stop violating my constitutional rights, to stop enforcing unconstitutional policies, rules, and laws, and to remove my name from the vexatious litigant list.

25  Resp. to California Judiciary Defendants' Motion to Dismiss ("Opp.") (Dkt. No. 38) at 6.  The

26  attempt to restyle the roles of these Judicial Defendants as administrative fails, as they are

27  _____

28  [1] For the reasons explained by separate order, Sternberg may not proceed on behalf of his children.

United States District Court
Northern District of California

1   nonetheless entitled to absolute judicial immunity for the acts alleged in the complaint, all of

2   which arose in the context of ongoing family law proceedings.  *See Forrester v. White*, 484 U.S.

3   219, 227 (1988) ("resolving disputes between parties who have invoked the jurisdiction of a court"

4   are "paradigmatic judicial acts."); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)

5   (noting that "[r]uling on a motion is a normal judicial function").  Nor does the attempt at restyling

6   Plaintiffs' claims as seeking prospective relief save them from dismissal.  *See Hart v. Falls*, No.

7   23-55280, 2024 WL 2828812, at *1 (9th Cir. June 4, 2024) (applying *Munoz* in rejecting argument

8   the plaintiff's argument that she was entitled to prospective relief against state court judges).  In

9   any event, dismissal without leave to amend is additionally warranted because Plaintiffs' Section

10   1983 claims are not viable as a matter of law.  "[S]tates and state officers sued in their official

11   capacity are not considered persons under section 1983."  *Venegas v. Cnty. of Los Angeles*, 32 Cal.

12   4th 820, 829 (2004); *see also D'Souza v. Guerrero*, No. 24-2537, 2025 WL 636706, at *1 (9th Cir.

13   Feb. 27, 2025) ("Plaintiffs may not sue Chief Justice Guerrero in her official capacity under 42

14   U.S.C. § 1983.  Only 'persons' are subject to suit under § 1983.").

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

United States District Court
Northern District of California

1    For these reasons, Judicial Defendants' motion to dismiss is **GRANTED**.  While Sternberg

2   asks that any dismissal be without prejudice because he has "no access to [his] own Santa Clara

3   Superior Court file, State Bar of California investigative files, District Attorney files, etc.[,]" Opp.

4   at 11, dismissal **WITHOUT LEAVE TO AMEND** is nonetheless appropriate.  The Eleventh

5   Amendment and absolute judicial immunity bar Plaintiffs' claims.  In addition, Judicial

6   Defendants are not subject to suit under Section 1983.[2]  Further amendment would thus be futile.

7   *See Narula v. Orange Cnty. Superior Ct.*, No. 21-55974, 2022 WL 17500721, at *1 (9th Cir. Dec.

8   8, 2022) (holding district court did not err in dismissing without leave to amend where the claims

9   were barred by the Eleventh Amendment and Rooker-Feldman doctrine); *Ashelman v. Pope*, 793

10   F.2d 1072, 1078 (9th Cir. 1986) (affirming dismissal without leave to amend where defendants

11   were entitled to absolute judicial immunity).

12    **IT IS SO ORDERED.**

13   Dated: September 8, 2025

15   _____
**ARACELI MARTÍNEZ-OLGUÍN**
16   **United States District Judge**

---

28   [2] In light of these bars to suit, the Court does not reach the remaining bases on which Judicial
Defendants seek dismissal.

4