UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. STERNBERG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CINDY HENDRICKSON, et al.,<br><br>    Defendants. | Case No. 24-cv-04271-AMO<br><br>**ORDER GRANTING STATE BAR DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Dkt. No. 61 |

The Chair of the California State Bar Board of Trustees Brandon Stallings, current and former California State Bar prosecutors and investigators Scott Karpf, David Aigboboh, Drew Aresca, Sandra Hernandez, Chelsey Smith, Melanie Dorian, Arianna (Le) Adams, and State Bar Assistant Presiding Arbitrator Lee Straus (collectively, the "State Bar Defendants") move to dismiss the complaint filed by Michael C. Sternberg. Sternberg proceeds, unrepresented, on behalf of himself and his two children, E.W. and N.W.,[1] seeking redress for various alleged violations of federal law that occurred during child custody proceedings spanning across California and Nevada.[2]

As to the State Bar Defendants, Sternberg alleges:

> From 2019 through 2023 these defendants, acting under color of California law, violated my right to petition the government, to due process, to equal protection, and to the care, custody, and control of my children, when they refused to allow me to make reports and

---

[1] For the reasons explained by separate order, Sternberg may not proceed on behalf of his children.

[2] In his opposition, Sternberg asks that "California attorney Anik Banerjee" be referred to the Standing Committee on Professional Conduct pursuant to Civil L.R. 11-6(h) and (l)." Resp. to State Bar Defendants' Motion to Dismiss ("Opp.") (Dkt. No. 64) at 2. The Court declines to take any disciplinary action against Attorney Banerjee based on the assertions Sternberg makes in his opposition brief.

      submit evidence of professional misconduct, and when they intentionally violated California law and the California State Bar Rules to impede investigations into professional misconduct and dissuade me from petitioning the State Bar of California. Karpf, Dorian, Aigboboh, Aresca, and Smith are California lawyers and have refused to report judicial misconduct in violation of the California Rules of Professional Conduct in order to protect judges that are part of the systemic abuse of parental rights.

      Stallings is Chairman of the State Bar of California Board of Trustees. He intentionally refuses to meet his obligations under California Rule of Professional Conduct 3.8 to report to the El Dorado County, CA Superior Court, new, credible and material evidence creating a reasonable likelihood that I was convicted of an offense in that court that I did not commit despite me providing the evidence in 2023.

      Le and Hernandez are State Bar of California investigators who in 2023 refused to take evidence and intentionally misinformed me about the status of investigations and evidence gathering. Strauss is an Assistant Presiding Arbitrator. In November 2023, he blocked me from fee arbitration at the State Bar of California under the guise that I could get fair arbitration proceedings at the SCCBA notwithstanding Sherry the Shredder's open admission to having shredded my complaints of bias and misconduct instead of properly processing them. Each of these defendants acted intentionally to violate California law and my and my children's federally protected rights in order to preserve the status quo and the State Bar of California's entrenched custom of stealing taxpayer money to run a fake discipline system. They know that parents are being treated like second-class citizens and actively obstruct investigations into professional misconduct perpetuating those federal rights violations. These allegations are not conclusory. The State Bar's own records demonstrate they close an average of 75% of complaints every year without investigation. Further, during 2022-2023, I attended Board of Trustee meetings on zoom with many concerned citizens. We made public comments, and the public comments all had the same theme - State Bar employees are willfully obstructing, impeding, and dissuading victims of professional misconduct from submitting evidence. They routinely lie about the status of cases, and refuse to investigate.

Complaint ("Compl.") (Dkt. No. 20) at 30-31.

      Taken as true and construed liberally in Sternberg's favor, the allegations in the operative complaint describe acts taken by the State Bar Defendants in their official capacities. That is, Sternberg sues these defendants for actions they took in their roles as State Bar prosecutors, investigators, and officials overseeing attorney misconduct, including the handling of misconduct complaints, arbitration of fee disputes, and other State Bar functions. Sternberg's assertion in opposition that "[a]s to money damages," he is "suing the named individuals in their individual

1  capacities," Opp. at 4, is belied by the allegations discussed above, which control the analysis
2  here. *See Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 956 (9th Cir. 2023) (instructing that, in
3  ruling on a motion to dismiss, that "[r]eview is limited to the complaint") (internal quotations and
4  citation omitted; modification in original).

5  Because, based on the allegations discussed above, Sternberg sues the State Bar
6  Defendants in their official capacities, they enjoy immunity from suit under the Eleventh
7  Amendment. *See Kohn v. State Bar of California*, 87 F.4th 1021, 1037-38 (9th Cir. 2023) (en
8  banc) (reaffirming "that the California State Bar is entitled to immunity from suit in federal
9  court."). Sternberg's contention in opposition that he seeks prospective injunctive relief, *see* Opp.
10 at 4, does not save his complaint from dismissal. His request for an injunction directing the State
11 Bar Defendants "to produce a report for this court documenting all evidence in their possession
12 demonstrating constitutional rights violations [he] ha[s] suffered in the Santa Clara County, CA
13 Superior Court as well as instances of professional and judicial misconduct[,]" *see* Compl. at 37:1-
14 13, is not a form of prospective relief sufficient to overcome the State Bar Defendants' Eleventh
15 Amendment immunity from suit. *See Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012)
16 (affirming dismissal of pro se plaintiff's complaint "[b]ecause he [wa]s merely seeking to address
17 alleged past harms rather than prevent prospective violations of federal law," which could only be
18 "reasonably categorize[d] . . . as retrospective."). The Court thus lacks subject matter jurisdiction.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Because the Court lacks subject matter jurisdiction over Sternberg's complaint as to the State Bar Defendants, the Court **GRANTS** their motion to dismiss.[3]  Given that this threshold jurisdictional issue warrants dismissal, leave to amend is **DENIED**.  *See Narula v. Orange Cnty. Superior Ct*., No. 21-55974, 2022 WL 17500721, at *1 (9th Cir. Dec. 8, 2022) (holding district court did not err in dismissing without leave to amend where the claims were barred by the Eleventh Amendment and Rooker-Feldman doctrine).

**IT IS SO ORDERED.**

Dated: October 30, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[3] The Court therefore does not reach the remaining grounds on which the State Bar Defendants seek dismissal.

4