1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL C. STERNBERG, et al.,              Case No. 24-cv-04271-AMO

          Plaintiffs,
8

9         v.                                    **ORDER DENYING MOTION FOR
                                                PRELIMINARY INJUNCTION;
                                                GRANTING IN PART AND DENYING
10   CINDY HENDRICKSON, et al.,                 IN PART ADMINISTRATIVE MOTION**

          Defendants.                           Re: Dkt. Nos. 60, 67
11

12

13         This order assumes familiarity with the factual and procedural background of this case, the

14   arguments advanced by the parties in the operative briefing, and the rulings issued in the action to

15   date.  Before the Court is Sternberg's motion for a preliminary injunction.[1]  Dkt. No. 60.  He seeks

16   an order which:

17         • "[F]inds that California Family Code 7643[2] is likely unconstitutional on its face

18   _____

19   [1] In his related administrative motion, Sternberg asks for an immediate ruling on the motion for
     preliminary injunction without oral argument pursuant to Civil Local Rule 7-1(b) or advancement
20   of the original hearing date set on the motion.  Dkt. No. 67.  The Court previously deemed the
     motion suitable for disposition without oral argument and vacated the scheduled hearing on the
21   motion.  Dkt. No. 71.  Accordingly, Sternberg's administrative motion is **GRANTED** to the extent
     it seeks a ruling on the papers; it is otherwise **DENIED**.
22
     [2] The statute provides:
23
                    (a) Notwithstanding any other law concerning public hearings and
24                  records, a hearing or trial held under this part may be held in closed
                    court without admittance of any person other than those necessary to
25                  the action or proceeding. Except as provided in subdivision (b), all
                    papers and records, other than the final judgment, pertaining to the
26                  action or proceeding, whether part of the permanent record of the
                    court or of a file in a public agency or elsewhere, are subject to
27                  inspection and copying only in exceptional cases upon an order of
                    the court for good cause shown.
28
                    (b)(1) Papers and records pertaining to the action or proceeding that

and as applied to [him], because it treats divorcing parents differently than unwed parents in violation of the 14th Amendment's equal protection clause[,] and "directs Rebecca Fleming and Julie Emede to immediately cease enforcing the statute."

- "Finds that the pattern and practice of Julie Emede and Rebecca Flemming in giving local attorneys free and unfettered remote access to files with CP case numbers, while prohibiting non-local attorneys and self-represented litigants from having the same access, and for charging them a per page fee, is unconstitutional on its face and as applied to [him], because it violates the 14th Amendments equal protection and due process clauses[,]" and "order[s] them to immediately grant [Sternberg] the same access to [his] file that Aeschleman gets, or in the alternative, provide [Sternberg] with a Register of Actions, and a way to request free, timely, electronic copies from [his] court file."

- "Orders Emede, Greenwood, Guerrero, and Rosen to review this motion's exhibits as well as [Sternberg's] court file, and to each separately document in a report to this court the due process violations, professional and judicial misconduct, and crimes evident on the face of the record[,]" and "[u]pon approval of the reports by this court, after [Sternberg's] review," further "order these defendants to forward the reports to the California Attorney General, the United States Attorney General, the State Bar of California, and the California Commission on Judicial Performance," which "should include every instance [Sternberg] was given less than 14 days notice or no notice at all prior to action being taken against [his] constitutional rights by state actors, how much notice was given, and how much time [Sternberg] was given to respond."

- "Orders Rosen to forward [Sternberg's] 6/11/21 letter . . . to the California Attorney General and to the U.S. Attorney General and requesting a criminal investigation into Aeschleman[,]" which "should advise these institutions that

---

are part of the permanent record of the court are subject to inspection and copying by the parties to the action, their attorneys, and by agents acting pursuant to written authorization from the parties to the action or their attorneys. An attorney shall obtain the consent of the party to the action before authorizing an agent to inspect and copy the permanent record. An attorney shall also state on the written authorization that the attorney has obtained the consent of the party to authorize an agent to inspect and copy the permanent record.

(2) For purposes of establishing parentage and establishing and enforcing child support orders, papers and records pertaining to the action or proceeding that are part of the permanent record of the court are subject to inspection and copying by any local child support agency, as defined in subdivision (h) of Section 17000.

(c) This section applies only to actions filed before January 1, 2023.

Cal. Fam. Code § 7643.

> Rosen is conflicted from the matter now that [Sternberg] ha[s] sued him[,]" and should be referred "to the State Bar of California for an investigation into Aeschleman's professional misconduct."

Dkt. No. 60 at 7-8.

"A plaintiff seeking a preliminary injunction must show that: (1) [they are] likely to succeed on the merits, (2) [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [their] favor, and (4) an injunction is in the public interest." *Garcia v. Google*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotations and citation omitted).  To obtain the type of preliminary injunctive relief Sternberg seeks here, however, he "must establish that the law and facts clearly favor h[is] position, not simply that []he is likely to succeed." *Id.*  For the reasons explained in the orders resolving the motions to dismiss filed in this case, Dkt. Nos. 78, 79, 80, 82, 86, Sternberg has failed to state a claim upon which relief can be granted.  This precludes any showing that the law and facts clearly favor his position.[3] *See Kennedy v. Meta Platforms Inc.*, No. 23-CV-06615-HSG, 2024 WL 4565091, at *8 (N.D. Cal. Oct. 23, 2024) (determining that, by failing to state a plausible claim for relief, the plaintiff could not establish that a preliminary injunction was warranted).

Accordingly, the motion for preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 17, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[3] Because the motion fails on this ground, the Court does not reach the remaining arguments the parties raise in their briefs.

3