UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. STERNBERG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CINDY HENDRICKSON, et al.,<br><br>Defendants. | Case No. 24-cv-04271-AMO<br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 68 |

Proceeding without the assistance of counsel, Michael C. Sternberg, on behalf of himself and his two children, E.W. and N.W., sues dozens of defendants based on their alleged roles in a child custody dispute regarding E.W. and N.W.

Now before the Court is Sternberg's motion for alternative service. Dkt. No. 68. He asks that he be permitted to serve Sherry Diamond[1] and the Santa Clara County Bar Association ("SCCBA") via email because (1) Diamond did not respond to a request to waive service or to follow-up emails, one of which references a purported public records act request for Diamond's current address, and (2) Sternberg's process server was unable to effect service during the single attempt made at noon on a weekday, at Diamond's last known address, which appeared vacant. *Id.* at 2. Sternberg asserts that Diamond evaded service in earlier litigation in Nevada, though she was ultimately successfully served by personal service, and he contends that Diamond's "repeated evasions, the vacancy of her last known address, the failed attempt at personal service, her non-responsiveness to the waiver, and the continued obstruction of Jeff Rosen and Rebecca Fleming's offices," make "traditional service . . . no longer practicable" such that service on both Diamond

---

[1] The operative complaint alleges that Diamond is the SCCBA's CEO. Dkt. No. 20 ¶ 141.

1   and the SCCBA, via email to Diamond's SCCBA email address, is appropriate in this action. *Id.*

2   Courts have permitted service via email where " 'plaintiff[s] demonstrated reasonable
3   diligence in [their] attempts to serve the defendants," and where "service by email is reasonably
4   calculated to give actual notice to the defendants.' " *Gnathonic, LLC v. Dingman*, No. 19-cv-
5   01502-VAP (SSX), 2019 WL 13166751, at *3 (C.D. Cal. Oct. 2, 2019) (internal quotations and
6   citations omitted).

7   Assuming, without deciding, that service via Diamond's SCCBA email address is
8   reasonably calculated to give actual notice to both Diamond and the SCCBA, Sternberg's motion,
9   and the documents submitted with it, fail to demonstrate that Sternberg has attempted to serve
10  these defendants with reasonable diligence. "Reasonable diligence means that the plaintiff took
11  those steps a reasonable person who truly desired to give notice would have taken under the
12  circumstances. It denotes a thorough, systematic investigation and inquiry conducted in good faith
13  by the party or his agent or attorney." *Oliver v. Potts*, No. 23-cv-08323-JAK(ASx), 2024 WL
14  5440730, at *1 (N.D. Cal. Mar. 12, 2024) (internal quotations and citations omitted).

15  While Sternberg sent one email requesting a waiver of service and two follow-up emails in
16  an effort to obtain the address information necessary to effect service, the process server made
17  only one attempt during lunchtime on a weekday at a vacant address, there were no attempts
18  beyond email or the one failed service attempt to ascertain Diamond's current address, and no
19  effort was made obtain information other than Diamond's address that might led to proper service
20  on the SCCBA as an organization. *See* Dkt. No. 68. These minimal efforts do not resemble the
21  type of investigation and inquiry necessary to authorize service by email. *Cf. Cisco Sys., Inc. v.
22  Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018) (authorizing
23  service by email and, in an abundance of caution, publication, where the plaintiff attempted to
24  serve the defendants by, among other things, looking through three different public records for the
25  defendant's addresses, sending a process server eleven times (and at different times of day) to try
26  to personally serve the defendants at three home and business addresses, and attempting service by
27  mail). Accordingly, Sternberg's motion for alternative service is **DENIED**.

28  The Court previously granted Sternberg's requests to extend the deadline to serve under

Federal Rule of Civil Procedure 4(m) to December 13, 2024, then to January 31, 2025. Dkt. Nos. 16, 19. Sternberg did not file the instant motion for alternative service until May 8, 2025, well after the extended deadline to serve under Rule 4(m) expired.[2] Because Sternberg is proceeding without an attorney, however, the Court will sua sponte extend the deadline to serve Diamond and the Santa Clara Bar Association to **December 19, 2025**. By no later than **December 31, 2025**, Sternberg shall file a certificate of service demonstrating service of the summons and complaint on Diamond and the SCCBA by the **December 19, 2025** deadline. Failure to effect service of the summons and complaint by **December 19, 2025** may result in dismissal of this action as to these defendants without prejudice pursuant to Rule 4(m).

While the Court previously indicated that it would set a deadline for Sternberg's second amended complaint after resolving all pending motions to dismiss, *see* Dkt. Nos. 78, 80, the Court will defer setting such a deadline until (a) Sternberg has properly served Diamond and the SCCBA and any Rule 12 motion filed by those defendants has been resolved or (b) those defendants have been dismissed without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**

Dated: November 17, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[2] Indeed, the first email to Diamond requesting that she and the SCCBA waive service was sent on February 6, 2025, after the January 31, 2025 deadline expired. *See* Dkt. No. 68-1.