UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. STERNBERG, et al., | Case No. 24-cv-04271-AMO |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTIONS TO DISMISS** |
| CINDY HENDRICKSON, et al., | Re: Dkt. Nos. 40, 46 |
| Defendants. | |

Self-represented Plaintiff Michael C. Sternberg, on behalf of himself and his two children, E.W. and N.W.,[1] sues, among other defendants, attorneys Magdalena Chattopadhya, Gina Policastri, and their respective law firms, Magdalena Law Group, and Lonich Patton Ehrlich Policastri (together, the "Defendants"),[2] for conduct that allegedly occurred in the course of the legal representation they provided in connection with child custody proceedings concerning E.W. and N.W. In the operative complaint, Sternberg assert claims against Defendants for violation of his 1st and 14th amendment rights under 42 U.S.C. § 1983, for declaratory relief under 28 U.S.C. § 2201, and for conspiracy and fraud. Complaint ("Compl.") (Dkt. No. 20) at 33-34. Defendants move to dismiss. Policastri & LPEP Motion to Dismiss ("LPEP MTD") (Dkt. No. 40); Chattopadhya & Magdalena Law Group Motion to Dismiss ("MLG MTD") (Dkt. No. 46). For the

---

[1] The claims of E.W. and N.W. were dismissed without prejudice by separate order. *See* Dkt. Nos. 78, 80. Accordingly, this order only applies to the claims Sternberg asserts in his own right against Defendants.

[2] Sternberg asks that Attorneys Jason Sommer and Alex Graft be referred to the Standing Committee on Professional Conduct. The Court declines to do so based on the assertions in Sternberg's opposition briefs. *See* Response to Policastri & LPEP Motion to Dismiss ("LPEP Opp.") (Dkt. No. 51) at 1, 7; Response to Chattopadhya & Magdalena Law Group Motion to Dismiss ("MLG Opp.") (Dkt. No. 54) at 2.

reasons set forth below, the motions are **GRANTED**.

As a general matter, the allegations in the operative complaint are deficient. For example, while Sternberg asserts Section 1983 claims against Defendants, such claims are not actionable against "lawyer[s] in private practice who w[ere] not acting under color of state law." *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). The conclusory allegations of conspiracy and collusion in the operative complaint, including the allegations that Defendants worked "in cahoots with opposing counsel and the corrupt judges of the Santa Clara County Superior Court" and "worked hand in glove with the judges who violated [his] rights," *see* Compl. at 33-34, are insufficient to establish otherwise. *See Simmons*, 318 F.3d at 1161 ("Plaintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient.").

Sternberg's conspiracy claim is also insufficiently pleaded. As a preliminary matter, the operative complaint does not specify the legal basis for Sternberg's conspiracy claim. *See generally* Compl. Sternberg's opposition briefs, however, address conspiracy under Section 1983, and the Court construes the claim accordingly. LPEP Opp. at 3, 4; MLG Opp. at 8. Analyzed under Section 1983, Plaintiffs' conspiracy claim is not viable because "a conspiracy to violate constitutional rights must be predicated on a viable underlying constitutional claim[,]" *Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1179 (S.D. Cal. 2010), which as discussed above, Sternberg has not adequately pleaded. Nor has Sternberg alleged facts to support an inference that state officials and Defendants "reached an understanding" to deprive Sternberg of his constitutional rights, and that Defendants were "willful participant[s] in joint activity with the State or its agents." *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970).

Sternberg's fraud claim also fails. Sternberg's allegations that "Policastri lied to [him] about the nature of [a] hearing, and that she had objected to the alteration of [a] stipulation[,]" Compl. ¶ 119, that he "relied on [Defendants'] false representations that they would vigorously represent [his] interests in [his] family case," *id.* at 33, and that they "defrauded [him] out of over $200,000," *id.* at 34, do not provide " 'the who, what, when, where, and how' of the misconduct charged." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also* Fed.

1  R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the

2  circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a

3  person's mind may be alleged generally.").

4        Given these threshold pleading deficiencies, the Court **GRANTS** Defendants' motions to

5  dismiss without reaching the parties' remaining arguments[3] and **DENIES AS MOOT** the LPEP

6  Defendants' request for judicial notice, Dkt. No. 41.  Because Sternberg represents that "[t]here

7  are . . . numerous other facts [he] can allege," LPEP Opp. at 6, MGL Opp. at 11, the Court

8  **GRANTS LEAVE TO AMEND** so that Sternberg has an opportunity to cure the deficiencies in

9  his current complaint.  The Court will set a deadline for the second amended complaint once all

10  motions to dismiss, including any forthcoming motion to dismiss by defendants who Sternberg has

11  not yet served, are resolved.  Other than curing the deficiencies discussed in the dismissal orders

12  issued in this case, the second amended complaint may not plead new substantive allegations,

13  name new defendants, or assert new claims without the defendants' consent or leave of Court.

14        **IT IS SO ORDERED.**

15  Dated: November 18, 2025

                                                              **ARACELI MARTÍNEZ-OLGUÍN**
                                                              **United States District Judge**

---

[3] This includes the MLG Defendants' arguments that the *Rooker-Feldman* doctrine bars this suit and that the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971) due to parallel state and federal proceedings, which are better addressed after Sternberg has an opportunity to properly allege the factual basis of his claims.  *See* MLG MTD at 12, 14.