UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. STERNBERG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CINDY HENDRICKSON, et al., <br><br> Defendants. | Case No. 24-cv-04271-AMO <br><br> **ORDER RE MOTION TO DISMISS, FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT, MOTIONS FOR MISCONDUCT REFERRALS, AND MOTION FOR DISCLOSURE OF POTENTIAL CONFLICTS** <br><br> Re: Dkt. Nos. 96, 98, 99, 101, 102 |

Before the Court are a motion to dismiss by Defendants Santa Clara County Bar Association ("SCCBA"), and its CEO, Sherry Diamond, Dkt. No. 96, self-represented Plaintiff Michael C. Sternberg's partial motion for summary judgment against Defendants Diamond and the SCCBA, Dkt. No. 98, his two motions to refer certain individuals for investigation into misconduct and other abuses, Dkt. Nos. 99, 101, and a motion requesting that this Court disclose potential conflicts of interest, Dkt. No. 102. The Court addresses each motion in turn.

## I. MOTION TO DISMISS

### A. Background[1]

Sternberg alleges that "[o]n April 7, 2021, he "spoke with Sherry Diamond, CEO of the Santa Clara County Bar Association, on the phone." Dkt. No. 20 ("Am. Compl.") ¶ 141. Diamond told Sternberg "she would email [him] the policy on how Local General Rule 3B complaints are processed," and she did. *Id.* ¶¶ 142-43. She did not, however, "disclose to [Sternberg] that the Local General Rule 3B complaint process was a sham." *Id.* ¶ 144. On June 3,

---

[1] This background is based on the allegations in Sternberg's amended complaint, which are taken as true and liberally construed in his favor at the motion to dismiss stage. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

2021, Sternberg "emailed Sherry Diamond to confirm she was still CEO of the Santa Clara Bar and the address to which [he] could send [his] 3B complaint. She confirmed the same day." *Id.* ¶ 146. On June 7, 2021, Sternberg mailed a letter, dated June 5, 2021, "to Presiding Judge Theodore Zayner, Santa Clara County Superior Court. In the letter, [Sternberg] reported the abduction of [his] children, other constitutional rights violations, and Aeschleman's[2] fraudulent filings with the court. [He] also complained of bias under Local General Rule 3B." *Id.* ¶ 147. The same day, he mailed a copy of that letter to Diamond. *Id.* ¶¶ 148, 149. On June 11, 2021, Sternberg "sent [Presiding Judge] Zayner a complaint about Aeschleman's fraudulent ex parte filings with the court. Attached to the letter was evidence that Aeschleman had served [Sternberg] a different version of a motion than what was filed with the court." *Id.* ¶ 150. The same day, he emailed the letter to Diamond. *Id.* ¶ 151. On October 27, 2023, Diamond "admitted to the State Bar of California that she had shredded, and did not read, the 6/2021 complaints [Sternberg] sent to her and [Presiding Judge] Zayner pursuant to Local General Rule 3B." *Id.* ¶ 227.

Based on these events, Sternberg asserts a claim "[p]ursuant to 42 USC 1983; 28 USC 2201; U.S. Const. amend. I & XIV; Conspiracy" against Diamond and the SCCBA. Am. Compl. at 27-28. According to Sternberg:

> Since 2021, Sherry Diamond and the SCCBA, acting under color of California law, have deprived [him] of [his] constitutional rights to the care, custody, and control of [his] children without due process. They have denied [him] and [his] children the right to freely associate to petition the government of redress of grievances through corrupt and secretive practices intentionally designed to deprive [him] of those rights. Diamond and the SCCBA embedded itself with the Santa Clara County Superior Court to run a fake bias complaint process. The court wrote rules about the process and specifically delegated powers to Diamond and the SCCBA. In 2021, [Sternberg] requested the SCCBA policies from Diamond regarding the procedure outlined in the local court rules. [Sternberg] submitted [his] complaints to her, but rather than review the complaints in accordance with her own policies, she shredded them. To this day, she and the SCCBA refuse to report professional and judicial misconduct that they know is depriving [Sternberg] of [his] federally protected rights, despite California law mandating such reporting. Diamond and the SCCBA actions were intentional furtherances in a conspiracy to deprive [Sternberg] of federally protected rights. They

---

[2] Aeschleman represented the biological mother of Sternberg's children in the California custody proceedings. *See, e.g.*, Am. Compl. ¶¶ 34, 42-43, 51.

> know that Santa Clara judges and law enforcement routinely violate parental rights under color of law, and their actions are in support of those long standing practices to protect state actors, with whom they are fully aligned, from scrutiny or consequences. Furthermore, based on information and belief, the bulk of Sherry Diamond and the SSCBA's funding comes from municipal and state treasuries. Diamond and the SCCBA's conduct is done with the specific intent to enrich local attorneys who loot and pillage the wealth of parents' through illegal litigation tactics designed to prolong due process violations. As a direct result of Diamond's and the SCCBA's ongoing failure to report judicial and professional misconduct, [Sternberg] ha[s] had [his] children unreasonably seized for 6 years and have suffered over $200,000 in fraudulent litigation costs.

*Id.*

Sternberg seeks a declaration "that Sherry Diamond and the Santa Clara County Bar Association have so fully enmeshed themselves into the Santa Clara County Superior Court that they meet the definition of person under 42 USC § 1983 for all purposes[,]" "[t]hat Diamond violated California Rule of Professional Conduct 8.3 and 8.4 and that such violations deprive [him] of [his] 14th Amendment right to due process." *Id.* at 35.

**B.     Legal Standards**

1.     Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). If, however, "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Id.*; *see also Miroth v. County of Trinity*, 136 F.4th 1141, 1156 (9th Cir. 2025)

2.     Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible chance of success.' " *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century*

United States District Court
Northern District of California

3

*Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)).  In ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

"[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  The court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)).  "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

C.    Discussion

Defendants Diamond and the SCCBA move to dismiss Sternberg's complaint on five grounds.  Dkt. No. 96 ("Mot.").  They contend dismissal is appropriate under Rule 12(b)(1) because Sternberg's action is barred pursuant to the *Rooker-Feldman* doctrine.  Mot. at 7.  In the alternative, Defendants argue that dismissal is warranted under Rule 12(b)(6) because they are not persons to whom liability under 42 U.S.C. § 1983, the First Amendment, or the Fourteenth Amendment attaches, Sternberg's allegations are insufficient to meet the heightened pleading standards that apply to conspiracy and fraud claims, Sternberg's claims are barred by the two-year statute of limitations applicable to Section 1983 claims, and Sternberg has not stated a basis for injunctive or declaratory relief under 28 U.S.C. § 2201.  *Id.* at 7-8.  Sternberg opposes the motion.  Dkt. No. 97 ("Opp.").[3]

---

[3] In his opposition, Sternberg requests that the Court refer Defendants' Attorney, Aman Joea, to the Standing Committee on Professional Conduct pursuant to Civil Local Rule 11-6(h) and (l), and asks that "[t]he referral order . . . be publicly filed on the docket." *Id.* at 2.  Sternberg asserts that the motion to dismiss "makes frivolous arguments, FRCP 11 violations, and violations of the California Rules of Professional Conduct[,]" and that its "sole purpose . . . is to clog the docket, delay relief, and to waste judicial resources and [his] time." Opp. at 2.  Given the colorable

United States District Court
Northern District of California

As a preliminary matter, the Court declines to grant Defendants' motion to dismiss on the basis that Sternberg's complaint is barred by the *Rooker-Feldman* doctrine or the statute of limitations. As Sternberg notes in his opposition, to which Defendants have elected not to file a reply, neither Diamond nor the SCCBA address the recent Ninth Circuit decision, *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025), which, according to Sternberg, permits him to "directly challenge state court decisions in this court without running afoul or [*sic*] Rooker-Feldman[.]" Opp. at 6. Nor do Defendants offer anything other than a generic argument as to why the doctrine applies here, which does not explain why the specific relief Sternberg seeks against Defendants would be barred under *Rooker-Feldman*:

> Here, the *Rooker-Feldman* doctrine bars all of Plaintiff's claims against Defendants. His allegations consist of attacks on state court rulings and judgments styled as civil rights complaints against a large mix of defendants that would require this Court to review many state court rulings, orders, and judgments. In order for this Court to award Plaintiff the relief he seeks, it would have to review the orders made in the state court proceedings in the Underlying State Action. A finding by this Court in Plaintiff's favor on any of the numerous issues raised in this case would thus undercut the rulings of California Superior Court judges. Consequently, this Court should not conduct de facto appellate review of those orders, and should grant the motion to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Mot. at 11.

Additionally, Sternberg contends in his opposition that "Defendants concede that [he] timely sued them in the District of Nevada within the limitations period." *Id.* at 8. Again, without the benefit of a reply, the Court declines to dismiss Sternberg's claims as time-barred, particularly where, as here, Defendants seek dismissal on statute of limitations grounds due to the filing of this action, without reference to the predecessor action filed in Nevada. Mot. at 12. Defendants acknowledge that "Sternberg originally filed this case in the District of Nevada, Case Nos. 2:23-cv-01466 and 2:23-cv-02022" and that the district court in that case "dismissed the claims against Defendants for lack of personal jurisdiction on July 23, 2024[,]" but ignore its impact on the

arguments raised in the motion to dismiss, the Court **DENIES** Sternberg's request for a referral to the Standing Committee on Professional Conduct.

statute of limitations issue raised here, arguing only that:

> The claims in this case against Defendants are obviously time-barred under the two-year statute of limitations applicable to actions under 42 U.S.C. Section 1983 ("Section 1983.") [*sic*] *See W. Shield Investigations & Security Consultants v. Superior Court*, 82 Cal.App.4th 935, 953 (2000). *W. Shield* notes that the statute of limitations for claims under Section 1983 is the same as the statute of limitations for personal injury actions under state law, which in California is 2 years under California Code of Civil Procedure section 335.1. The FAC is based on conduct that took place in 2021, see ECF No. 20, p. 15, which was much longer than 2 years prior to filing this complaint in 2024. Therefore, the claims are barred by the applicable statute of limitations

Mot. at 7, 12.

Accordingly, the Court declines to dismiss Sternberg's claims on these two grounds and turns to the remaining grounds Defendants raise in their motion.

### 1. Constitutional Claims

To prevail on his Section 1983 claim, Sternberg must allege that Diamond and SCCBA were acting under color of state law, and similarly, for his claims under the First and Fourteenth Amendments, he must allege that Diamond and the SCCBA were state actors. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019). "In cases under [Section] 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *United States v. Price*, 383 U.S. 787, 794 n.7 (1966).

Sternberg alleges "that Sherry Diamond and the Santa Clara County Bar Association have so fully enmeshed themselves into the Santa Clara County Superior Court that they meet the definition of person under 42 USC § 1983 for all purposes[,]" that "Sherry Diamond and the SCCBA, acting under color of California law, have deprived [him] of [his] constitutional rights[,]" that they "embedded [themselves] with the Santa Clara County Superior Court to run a fake bias complaint process[,]" that their " actions were intentional furtherances in a conspiracy to deprive [him] of federally protected rights[,]" and that "[t]hey know that Santa Clara judges and law enforcement routinely violate parental rights under color of law, and their actions are in support of those long standing practices to protect state actors, with whom they are fully aligned, from

United States District Court
Northern District of California

United States District Court
Northern District of California

scrutiny or consequences." Am. Compl. at 27-28, 35. Sternberg further alleges "on information and belief," that "the bulk of Sherry Diamond and the SSCBA's funding comes from municipal and state treasuries[,]" and that their "conduct is done with the specific intent to enrich local attorneys who loot and pillage the wealth of parents' through illegal litigation tactics designed to prolong due process violations." *Id.* at 38.

Sternberg further contends that the SCCBA acted "under delegated judicial authority." Opp. at 9. He points to General Court and Administrative Rule 3(B), which provides, in part:

> The Santa Clara County Superior Court and the Santa Clara County Bar Association have established a procedure to assist in maintaining a courtroom environment free of bias or the appearance of bias. This procedure is fully set forth in the Santa Clara County Bar Association's "Fairness and Equality in the Court's Procedure." Any complaints concerning conduct that exhibits bias on the part of attorneys, litigants, judges and courtroom personnel arising within the physical confines of the courthouse and courtroom over which a presiding judge and/or a sitting judge has authority or influence may be made to the Executive Director or Officer of the Santa Clara County Bar Association or one of the four liaisons who are appointed by the Santa Clara County Bar Association to handle these complaints.[4]

Dkt. No. 97-1 at 2. He also points to the Official Biased Conduct in the Courtroom Complaint Procedure that Diamond emailed him on April 7, 2021. Opp. at 10. That document provides, in part:

> The overarching purpose of this informal complaint procedure is to help preserve the integrity and impartiality of the judicial system. The Superior Court of Santa Clara County and the Santa Clara County Bar Association approved this procedure to assist Superior Court judges in carrying out their duty to ensure that courtroom proceedings will be fair and impartial for all courtroom participants. This includes treating all courtroom participants with respect no matter their disability, gender, race, religion, ethnicity, sexual orientation or socioeconomic status. Judges' orders, rulings and decisions should be based on the sound exercise of judicial discretion and balancing of competing rights and interests, not influenced by stereotypes or biases. The objective of this procedure is to educate rather than discipline the judge and/or the person to

---

[4] Sternberg requests judicial notice of Local General 3(B), which, according to Sternberg, he downloaded from the Santa Clara County Superior Court official website and was in effect at the time Diamond allegedly shredded his complaint. Opp. at 9. He also requests judicial notice of the Official Biased Conduct in the Courtroom Complaint Procedure that Diamond emailed him on April 7, 2021. *Id.* at 10. The Court takes judicial notice of the existence of these documents because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2).

whom the complaint may be directed in an effort to prevent future conduct that is biased. This informal procedure complies with the California Rules of Court, Standard 10.20, which addresses a court's duty to prohibit bias in the courtroom, and is not intended to and does not replace or supersede the existing complaint procedures in the offices of the Presiding Judge and the Chief Executive Officer of the Superior Court.

Dkt. No. 97-2 at 2.

Sternberg contends General Rule 3(B) "formally delegates administration of courtroom bias complaints to SCCBA, requiring complaints to be routed through SCCBA officers acting as court liaisons," and that such "delegation vested SCCBA with gatekeeping authority over access to court-created due-process protections." Opp. at 10. He also contends that the Official Biased Conduct in the Courtroom Complaint Procedure entrusts the SCCBA to administer "core due-process functions created by the State[,]" such that when Diamond shredded his complaint, she "exercised authority created by court rule to administer a state judicial function and thereby nullified the very due-process mechanism the State established." *Id.*

Without the benefit of a reply from Defendants addressing these points, the Court declines to dismiss Sternberg's constitutional claims. Accordingly, Defendants' motion to dismiss is **DENIED** as to Sternberg's constitutional claims. Defendants may renew their arguments in a subsequent motion to dismiss or motion for judgment on the pleadings as appropriate.

### 2. Conspiracy

Sternberg's amended complaint does not specify the legal basis for his conspiracy claim. *See generally* Am. Compl. Defendants move to dismiss the claim on the grounds that Sternberg's allegations are insufficient under the applicable elements under California law. Mot. at 15-16. Sternberg defends the claim under the elements applicable to a federal claim for conspiracy to violate constitutional rights. Opp. at 10-11. Again, without the benefit of a reply from Defendants addressing the arguments raised in Sternberg's opposition, the Court declines to dismiss the conspiracy claim. Accordingly, Defendants' motion to dismiss the conspiracy claim is **DENIED**. Defendants may renew their arguments in a subsequent motion to dismiss or motion for judgment on the pleadings as appropriate.

///

**3.  Declaratory and Injunctive Relief**

Finally, Sternberg seeks declaratory and injunctive relief under 28 U.S.C. § 2201, which provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

Defendants move to dismiss Sternberg's prayer for declaratory and injunctive relief because "[t]he present case is not withing [*sic*] this court's jurisdiction for the procedural reasons described above and because Plaintiff has not stated any claim upon which relief can be granted. Thus, this Court is not empowered to grant any of the various declaratory and injunctive remedies requested by Plaintiff."  Mot. at 16.  Because the Court **DENIES** the motion to dismiss as to Sternberg's substantive claims, it also **DENIES** the motion as to his prayer for declaratory and injunctive relief.  Defendants may renew their arguments in a subsequent motion to dismiss or motion for judgment on the pleadings as appropriate.

**D.    Conclusion**

For the reasons set forth above, Defendants' motion to dismiss is **DENIED**.  The Court previously indicated it would set a "deadline for the second amended complaint once all motions to dismiss, including any forthcoming motion to dismiss by defendants who Sternberg has not yet served, are resolved."  Dkt. No. 89.  Now that all such motions have been resolved, Sternberg may file a second amended complaint within 30 days of this Order.  Other than curing the deficiencies discussed in the dismissal orders issued in this case thus far, the second amended complaint may not plead new substantive allegations, name new defendants, or assert new claims without the defendants' consent or leave of Court.

**II.    MOTION FOR PARTIAL SUMMARY JUDGMENT**

In his motion for partial summary judgment, Sternberg seeks an order that "(1) Sherry Diamond and the SCCBA are persons who acted under color of state law, and (2) that they deprived [him] of [his] 1st and 14th Amendment right to petition, to freely associate with [his]

9

children, and to due process, when they shredded [his] complaints submitted pursuant to the local court rules." *Id.* at 7.  The Court **DENIES** the motion as premature.  *See Wesco Ins. Co. v. Sentry Ins. Co.*, No. 25-CV-07584-TSH, 2026 WL 790749, at *5 n.3 (N.D. Cal. Mar. 20, 2026); *see also* Fed. R. Civ. P. 56 advisory committee note to 2010 amendment ("Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had.").  The Court will set a deadline for summary judgment motions, oppositions, and replies at a later date, if appropriate.

### III.    MOTIONS FOR REFERRAL

Sternberg seeks a "referral for an investigation into misconduct and constitutional abuses against Sherry Diamond (aka Sherry the Shredder) and the Santa Clara County Bar Association (SCCBA jointly)."  Dkt. No. 99.  Sternberg also "seek[s] referral for an investigation into misconduct and constitutional abuses against California Attorney Tristan Aeschleman[,]" asks that the Court order Attorney Raymond Rollan, who represents the California State Bar, "to file a sworn declaration into this case detailing when he became aware of Judge Gordon's summary judgment order, and to whom he reported that credible evidence of Tristan Aeschleman's misconduct and when[,]" requests that the Court order Attorney Sharon Nagle, who represents the Judicial Defendants, "to report [Judge Roberta] Hayashi's conduct together with the evidence cited in this motion to the California Commission on Judicial Performance, to copy California Supreme Court Chief Justice Patricia Guerrero on the correspondence, and to file the correspondence into this case along with a sworn affidavit demonstrating that she has complied with this court's order[,]" and moves the Court "to report Judge Cindy Hendrickson to the California Commission on Judicial Performance for the ethical violations documented in Exhibit B[,]" who, according to Sternberg, "should be ordered to copy California Supreme Court Chief Justice Patricia Guerrero on the correspondence, and to file the correspondence into this case along with a sworn affidavit demonstrating that she has complied with this court's order."  Dkt. No. 101 at 2, 5, 6.  Having reviewed Sternberg's motions for referral, the Court declines to refer any individuals for investigation or other disciplinary proceedings at this time.  The motions are

United States District Court
Northern District of California

therefore **DENIED**.

### IV.    MOTION FOR DISCLOSURE OF POTENTIAL CONFLICTS

Lastly, Sternberg seeks disclosure of the undersigned's potential conflicts of interest.  Dkt. No. 102.  He asserts:

> Federal judges must abide by the Code of Conduct for United States Judges, a set of ethical principles and guidelines adopted by the Judicial Conference of the United States. Judges may not hear cases in which they have either personal knowledge of the disputed facts, a personal bias concerning a party to the case, earlier involvement in the case as a lawyer, or a financial interest in any party or subject matter of the case.
>
> On 10/31/25 at ECF 82, this court issued an order dismissing the State Bar of California (CABAR) defendants with prejudice. The court cited three cases, one of which was not in this circuit, and two of which were not cited in CABAR's motion to dismiss. The bizarre order granted blanked Eleventh Amendment immunity to the defendants for "official acts" thus unilaterally voiding 42 USC § 1983. Several other such orders have issued for other defendants. In all of these orders, Judge Martínez-Olguín refused to address attorney misconduct as required of her by the Code of Conduct for U.S. Judges. As such, I did some digging.
>
> Here is what I've found so far:
>
> - The attorney who filed CABAR's Motion to Dismiss (ECF 61) was Anik Banerjee. According to his Linked In profile, he graduated from University of California, Berkeley - School of Law in 2004. Attached as Exhibit A is a true and correct copy of his profile which I downloaded from Linked In on 2/5/26.
>
> - Attached as Exhibit B is a true and correct partial copy of Berkeley Law's Annual Report for Philanthropy, which I download from their website on 2/5/26. Anik Banerjee and Araceli Martínez-Olguín appear as alumni who graduated in 2004.
>
> - Prior to taking the federal bench, Judge Martínez-Olguín worked for several institutions that had to do with immigration. It just so happens that on 2/6/25, I did a public records request with CABAR. Attached is Exhibit C is a true and correct copy of my request along with a spreadsheet of grant recipients they produced. I have highlighted groups on the spreadsheet that were given money by CABAR, and that according to the online source detailed below, Judge Martínez-Olguín had a financial relationship with.
>
> - Attached as Exhibit D is a true and correct copy of a biography and endorsement of Judge Martínez-Olguín from afj.org, which I downloaded on 2/5/26. I have highlighted the names of organizations listed on the CABAR grant list in Exhibit C.

*Id.* at 2.

Based on the above, Sternberg moves "the court to disclose in a written order, the exact nature, past and present, of [the undersigned's] relationship with attorney Anik Banerjee[,]" "the exact nature, past and present, of [the undersigned's] Judge Martínez-Olguín's relationship with ALL the organizations listed on the spreadsheet in Exhibit C," and "the exact nature, past and present, of Judge Martínez-Olguín's relationship with all other attorneys that have been involved in this case." *Id.* at 3. He contends "[t]his information is necessary, so that [he] may determine whether [his] due process rights are being violated[,]" and asserts he has "a right to an impartial judge." *Id.*

The Court is guided by the ethical rules, including the Code of Conduct for United States Judges, and applicable statutes. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under Section 455(b), a judge shall also disqualify herself where:

> (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice [s]he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> (4) [Sh]e knows that [s]he, individually or as a fiduciary, or h[er] spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> (5) [Sh]e or h[er] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
> (ii) Is acting as a lawyer in the proceeding;
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

12

Having reviewed Sternberg's motion and the exhibits thereto, the undersigned does not have any relevant information to share or to disclose pursuant to Section 455.  "The only public disclosure contemplated by the statute is a voluntary one, in the inapposite context of a possible waiver by a party. . . .  Consequently, a litigant has no statutory right to demand any disclosures or discovery from a judge under 28 U.S.C. § 455[.]"  *See Sanai v. Kozinski*, No. 19-CV-08162-YGR (JD), 2021 WL 2273982, at *2 (N.D. Cal. May 24, 2021) (citing 28 U.S.C. § 455(e)); *see also* 28 U.S.C. § 455(e) ("No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b).  Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.").

Nor does the undersigned perceive any basis for recusal under Section 455(a) or 455(b). The pertinent test under Section 455(a) and 455(b)(1) is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *National Abortion Federation v. Center for Medical Progress*, 257 F. Supp. 3d 1084, 1089 (N.D. Cal. 2017) (quoting *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)).  "The reasonable person for this inquiry is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer[,]" and "a well-informed, thoughtful observer would be aware that recusal is not required based on the mere existence of personal or working relationships among colleagues, or even friendships."  *Sanai*, 2021 WL 2273982, at *3 (internal quotations and citation omitted).  That the undersigned attended the same law school at the same time as an attorney of record or previously worked for organizations that received grants from a party in this litigation is not grounds for recusal.  *See Onwuka v. Lynch*, No. 8:22-CV-00287-FWS-JC, 2022 WL 16859967, at *3 (C.D. Cal. Sept. 8, 2022) ("General allegations regarding the court's former employment or professional relationships are insufficient to warrant recusal.").

///

///

///

13

Accordingly, Sternberg's motion for disclosure is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 8, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

14